400   APPELLATE COURTS OF ILLINOIS.

City of Springfield v. Central Union Telephone Co., 184 Ill. App. 400.

## City of Springfield, Appellant, v. Central Union Telephone Company, Appellee.

1. TELEGRAPHS AND TELEPHONES, § 4*—*when ordinance granting privilege is subject to ordinance in force requiring remuneration for poles in street.* An ordinance granted to certain persons, to be known as a certain company, the right to construct and operate a telephone and telegraph system in consideration that the company would furnish the city officials and the police and five departments with free telephone service, and allow it the use of its poles for a police and fire alarm system. This ordinance provided that the rights granted should be subject to all general ordinances then in force, and there was a general ordinance in force requiring owners of poles in streets and alleys of city to pay an annual license of one dollar per pole as a remuneration to the city for the use of the streets and alleys. *Held,* in an action by the city against the assignee of the grantee company to recover the license fee for its poles that the assignee was liable therefor, that the court erred in overruling a demurrer to defendant's pleas setting up that the ordinance granting the privilege to its assignor did not require the payment of the license, and that the court erred in sustaining a demurrer to a replication pleading estoppel to other pleas which set up that the defendant had rendered to the city telephone service equal to the value of the use of the street for its poles, and that the ordinance requiring the license was unreasonable.

2. TELEGRAPHS AND TELEPHONES, § 7*—*conclusiveness of acceptance of ordinance granting privilege.* Where a privilege is granted to a company by ordinance to construct and operate a telephone and telegraph system, the ordinance to be null and void if not accepted in writing and the construction of such system begun within a certain time, the reasonableness of the grant is for the parties to decide, and if the company accepts the ordinance neither it nor its assignee may be permitted to repudiate any of its terms and conditions that are not contrary to public policy or prohibited by statute.

Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1913.

**Statement by the Court.** This is an action in debt brought in the Circuit Court of Sangamon county to

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the November term, 1911, by the City of Springfield against the Central Union Telephone Company to recover remuneration claimed to be due for the use of portions of the streets and alleys of the city occupied by the telephone poles of the defendant.

The declaration avers that the plaintiff, a municipal corporation organized under the laws of the State of Illinois, on the third day of January 1898, passed a certain ordinance providing that any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high, which may occupy any portion of any street, alley or sidewalk within the City of Springfield, said pole or post being used to support electric or other wires of whatsoever nature, shall pay annually into the city treasury the sum of one dollar for each such pole or post so owned, controlled or occupied by said person, firm or corporation as a remuneration to the city for the use of the portions of the street, alley or sidewalk which said pole or post may occupy; that the license hereinbefore provided shall be due on the first day of September of each year; that said ordinance was approved by the mayor and duly published and was in full force in the year 1907. It is also averred that the defendant, in the year 1907, occupied portions of the streets and alleys of said city by, to wit, three thousand poles over eight feet high supporting wires, without paying into the city treasury on the first day of September, 1907, one dollar for each such pole as remuneration for so occupying portions of said streets and alleys, by reason whereof and by virtue of said ordinance an action has accrued to the plaintiff, etc. Counts were also filed similar to the foregoing to recover remuneration for the years 1908 to 1911 inclusive.

The defendant filed five pleas. The first avers that the defendant is a corporation organized under the laws of Illinois; that it began doing business in Ohio, Illinois and Indiana in 1883, and began to construct, purchase, lease, own and operate telephone lines and

do a telephone business within and without, and partly within and partly without Illinois and has continued to do so since June 28, 1883; that on December 3, 1883, the City of Springfield passed an ordinance granting the defendant, its successors and assigns the right of way through, in and upon its streets, sidewalks and alleys for the purpose of erecting thereon necessary poles and wires to operate a telephone exchange, subject to all general ordinances of the city then in force or thereafter to be passed, which said ordinance should continue in force twenty years; that said ordinance provides that in consideration of the rights and privileges granted by it, the city shall have as many telephones with exchange service as the city may require at one-half the regular rates, and said Company shall maintain, care for and operate a fire alarm bell to be located as the city shall direct without cost to the city; that defendant began immediately and from that time up to the fifth day of August, 1901, continuously placed, constructed and maintained posts, wires and fixtures composing a telephone system at an expense of $100,000, in compliance with the terms of said ordinance, and from June 3, 1889, to May 10, 1900, said city has used defendant's poles for carrying its police and fire alarm wires without any consideration to the defendant except the consideration granted under the ordinance of Dec. 3, 1883; that said ordinance constituted a contract between the defendant and said city; that defendant installed and operated under the terms of said ordinance as many telephones as the city required and as the city council designated and called for, and operated a fire alarm bell from thence hitherto and the plaintiff has enjoyed and utilized such concessions up to May 10, 1910.

The plea further avers that on June 19, 1899, the plaintiff passed an ordinance granting unto Thomas W. Wilson and S. M. Rogers and such other persons as might thereafter be associated with them, to be known as the "Springfield Mutual Telephone and Tele-

graph Company" or other appropriate name, and to their successors and assigns the right to construct and maintain a telephone and telegraph system in the City of Springfield in the following words and figures.

"  *   *  * Sec. 3. In consideration of the rights and privileges granted to the said parties and others succeeding them, they hereby agree to furnish the city officials in the City Hall, also to the Police and Fire Departments, free telephone service.

Sec. 4. The City shall have the right, so far as the same shall not interfere with the other uses of said poles, to use the same to support the wires used by it in connection with the police and Fire Alarm system, and all the rights herein granted shall be subject to all general ordinances of said City now in force. *  *  *

Sec. 6. This ordinance shall become null and void if it shall not be accepted in writing, and the construction of said telephone and telegraph system be begun within one year from the date of its passage;" that on June 19, 1899, Wilson and Rogers accepted said ordinance in writing; that on May 10, 1900, said Wilson and others "and the Springfield Mutual Telephone Company a corporation" for a valuable consideration sold and transferred to defendant all right, title, privilege, franchise and property accruing to them under said ordinance; that the defendant on May 10, 1900, notified plaintiff of said assignment and that the defendant was ready to install and furnish the service required under the terms of said ordinance of June 19, 1899, and the plaintiff through its officials by a letter on May 12, 1900, informed the defendant of the offices and buildings in which the plaintiff desired telephones installed; that the defendant promptly installed and has since furnished and supplied defendant with said telephone service free of charge; that the mayor of plaintiff City on May 31, 1900, communicated to the city council of the City of Springfield said assignment, its ratification and acceptance by plaintiff, and that the plaintiff had demanded from

the defendant that it should furnish certain telephone service, and the city council accepted and ratified the acts of the city officials; that with the approval of plaintiff since May 10, 1900, in compliance with the ordinance of Jan. 19, 1899, the defendant has operated and maintained a telephone system and has expended in repairing, rebuilding and extending its system $50,-000, and has in compliance with an ordinance passed in 1905, applicable to all telephone companies, placed its wires in the business district of plaintiff under ground at a cost of $10,000, paid its taxes and, in consideration of the rights and privileges granted by said ordinance, furnished telephone service to the city officials and to the police and fire departments of plain-tiff, to the value at customary rates during the periods enumerated as follows: May 10, 1900 to Jan. 1, 1901, $1,600; Jan. 1, 1901 to Jan. 1, 1905, $8,000; Jan. 1, 1905 to Jan. 1, 1908, $6,600; Jan. 1, 1908 to Jan. 1, 1910, $4,800; that by said ordinance of June 19, 1899, the only remuneration the defendant was obligated to pay for occupying the streets and alleys of plaintiff with its poles and wires was the telephone service to be furnished to the police and fire departments and the city officials as stipulated in section 3 of said ordinance, and the defendant has fully discharged and performed all the conditions of said ordinance and the defendant is not indebted to the plaintiff in any sum on account of the matters alleged and this it is ready to verify wherefore, it prays judgment if it ought to be charged with the said debt by virtue of said ordinance set forth in the declaration.

The second plea is the general issue. The third plea is similar to the first with the additional averments of the use of defendant's poles for carrying its fire and police alarm wires free of charge, save the consideration conferred upon defendant by the ordinance of 1883, and an averment that there was a general ordinance requiring a monthly inspection by the police department of the city of all poles erected

in the city and requiring the owners of telegraph and telephone poles to pay an annual inspection fee of seventy-five cents per pole, and reserving the right to the city to allow other companies to use poles on payment of a reasonable compensation, with an averment that the American Telephone Company, under a contract ordinance passed in 1896, was occupying the streets and alleys of the city with its poles for the consideration of fifty cents per pole and free use by the city of one ten pin cross-arm for·the police and fire alarm systems of the city and that the Illinois District Telegraph Company was in 1899 given the same rights for the consideration of the payment to the city of five per cent. of its gross earnings.

The fourth plea avers that the ordinance fixing the compensation for the use of poles at one dollar per annum is unreasonable and void and exceeds the fair value of the use of the streets.

The fifth plea is similar to the fourth with the additional averment that a fair remuneration for the use of the streets for poles during the entire time does not exceed $5,000, and defendant has furnished telephone service to plaintiff aggregating $15,000, solely as reremuneration for the use of the streets, for which nothing has been paid by plaintiff.

Plaintiff filed a demurrer to the first and third pleas and replications of estoppel· to the fourth and fifth pleas. The replications to the fourth and fifth pleas aver in substance that the general ordinance requiring the payment of one dollar per pole was in force when the ordinance of June 19, 1899, was passed and accepted by Wilson and his associates, and that the defendant, as assignee of the grantees who accepted the ordinance of June 19, 1899, is bound thereby and by the terms of the general ordinance requiring the payment of one dollar per pole and prays judgment if defendant ought to be admitted or received to plead the matters alleged in said pleas. The defendant demurred to the replications to the fourth and fifth pleas.

The court overruled the demurrer of plaintiff to the first and third pleas and sustained the demurrer of defendant to the replications to the fourth and fifth pleas. The plaintiff then withdrew its second, third, fourth and fifth counts, and stood by its demurrer to the first and third pleas and its replications to the fourth and fifth pleas. The court entered judgment in favor of the defendant and against the plaintiff in bar of the action and for costs against the plaintiff. The plaintiff appeals.

FRANK L. HATCH and ALBERT D. STEVENS, for appellant; TIMOTHY McGRATH, of counsel.

W. B. MANN, D. K. TONE and CONKLING & IRWIN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

It appears from the averments of the first and third pleas that the defendant is occupying the streets and alleys of plaintiff with a telephone system constructed originally under an ordinance that by its terms expired in December, 1903. The only claim of right to occupy the streets and alleys of plaintiff made by the defendant is that it occupies as assignee of the rights granted to Thomas W. Wilson and S. M. Rogers under the ordinance of June 19, 1899. Under that ordinance Wilson and his associates and their assigns agree to furnish the city officials and the police and fire departments free telephone service, and that the plaintiff shall have the right to use the poles of Wilson and his associates and their assigns to support the wires used by plaintiff, "in connection with the police and fire alarm systems and all the rights herein granted shall be subject to all general ordinances of the city now in force."

The substance of these pleas is that defendant occupies the streets of plaintiff as assignee of the or-

dinance passed June 19, 1899, which it insists is an ordinance granting the rights therein given to Wilson and others for a consideration to be received by the plaintiff from Wilson or his assigns, and that defendant has rendered all the services it has rendered to the plaintiff because they are required by that ordinance, and that the rental of one dollar for each pole is not required by the Wilson ordinance.

The ordinance of January 3, 1898, was enacted before the ordinance granting the right to Wilson and others was passed and was in force when they accepted the rights granted under the ordinance passed in 1899. The ordinance of 1898 provides that any person, firm or corporation owning, etc., shall pay annually the sum of one dollar for each pole over eight feet high which may occupy any portion of any street, alley or sidewalk. The ordinance requiring the payment of remuneration for the use of the streets of plaintiff by poles supporting electric wires is a general ordinance. Neither plea avers that it is not a general ordinance, nor are facts averred which show that Wilson and others and their assigns are not subject to the provisions of that ordinance. The acceptance by Wilson and others of the rights granted them by the ordinance of June, 1899, was an acceptance of the rights granted thereby subject to all the terms and conditions of the grant. The assignee of Wilson and others can have no greater rights in the street under the ordinance of 1899 than the grantees therein.

Neither the first nor third plea avers that the defendant as assignee of Wilson and others have furnished or given to the plaintiff anything since it became the assignee of Wilson and others, that Wilson and others and their assignees were not required to furnish and give to plaintiff as a consideration therefor, unless it be the operation of the fire alarm bell and that was required by the ordinance of 1883, and no charge is made therefor. By the acceptance of the ordinance of 1899, Wilson and others accepted such

grant of privileges knowing that the general ordinances required the payment of an annual compensation to plaintiff of one dollar per pole. The ordinance is clear and free from ambiguity, the words must be taken in their ordinary sense and there is no room for construction. The court erred in overruling the demurrer to these pleas.

The ordinance of June, 1899, grants to Wilson and others, to be known as the Springfield Mutual Telephone and Telegraph Company, and to their assigns the right "to construct and operate a telephone and telegraph system" pursuant to the grant in that ordinance. From the averments of the pleas the Springfield Mutual Telephone and Telegraph Company did become incorporated. The defendant may in violation of public policy (*Union Trust & Savings Bank of East St. Louis v. Kinloch Long Distance Tel. Co. of Missouri*, 258 Ill. 202; *People v. Union Gas & Electric Co.*, 254 Ill. 395) have become the assignee of the grant under the ordinance of June 3, 1899, for the purpose of preventing competition, as contended by plaintiff, but there is no pleading raising that question.

The replication to the fourth and fifth pleas are that the defendant is estopped to plea that the ordinance fixing a remuneration of one dollar annually for each pole is unreasonable, and that defendant has rendered to plaintiff telephone services equal to or beyond the value of the use of the streets by the poles of defendant because said services were rendered pursuant to ordinances pleaded.

The ordinance granting to Wilson and others the right to construct and operate a telephone and telegraph system in the City of Springfield contains a section providing that the ordinance shall be null and void, if it shall not be accepted in writing and the construction of said system be begun within one year from the date of its passage. The question of the reasonableness of the grant was for the parties to decide. If the grantees in the ordinance were not satisfied with its

terms they should have refused to accept it. *Postal Telegraph Cable Co. v. City of Newport,* 25 Ky. Law Rep. 635. Wilson and his associates had the right to accept or reject the terms of the ordinance. Having chosen to accept the ordinance with all its terms, they are bound by it and may not be heard to say that they accept the benefits and that they refuse the burdens imposed by it. The city had the right to give or withhold the privilege of constructing and operating a telephone system on its streets. One of the conditions under which the plaintiff granted to the assignors of defendant the right to occupy the streets with telephone poles was the compliance with the general ordinances of the plaintiff, one of which required the annual payment of one dollar as remuneration for each pole occupying the streets additional to the other conditions of telephone service specified in the ordinance. The ordinance having been accepted, neither the grantees nor their assignee may be permitted to repudiate any of its terms and conditions that are not contrary to public policy or prohibited by statute. Having been accepted it became a valid contract in its entirety. *Chicago General Ry. Co. v. City of Chicago,* 176 Ill. 253; *Commonwealth Electric Co. v. Rose,* 214 Ill. 545. The court erred in sustaining the demurrer to the replications to the fourth and fifth pleas. The judgment is reversed and the cause remanded with instructions to sustain the demurrer to the first and third pleas and to overrule the demurrer to the replications to the fourth and fifth pleas.

*Reversed and remanded with directions.*