THIRD DISTRICT—APRIL, 1916.        227.

City of Springfield v. Inter-State Ind. T. & T. Co., 201 Ill. App. 227.

## City of Springfield, Appellee, v. Inter-State Independent Telephone & Telegraph Company, Appellant.

1. APPEAL AND ERROR, § 1712*—*when errors waived*. Errors assigned but not argued on appeal are considered waived.

2. MUNICIPAL CORPORATIONS, § 85*—*when question of correct passage of ordinance immaterial*. The question whether an ordinance was correctly passed, *held* immaterial where it was not denied that it was duly made a part of a later codification and not contended that it had been repealed.

3. MUNICIPAL CORPORATIONS—*what is effect of acceptance of contract ordinance*. Where a contract ordinance has been accepted by the grantee of rights thereunder it becomes a special contract, binding upon the parties thereto.

4. CONSTITUTIONAL LAW, § 103*—*when city may not impair contract by ordinance*. Where an ordinance has, by acceptance by the grantee thereunder, become a contract between the grantee and the city, the latter, by the passage of a later ordinance, cannot impair the obligation of such contract.

5. MUNICIPAL CORPORATIONS, § 83*—*when special ordinance controls*. When a special ordinance conflicts with a general ordinance, the former controls.

6. MUNICIPAL CORPORATIONS, § 820*—*what does not constitute police regulation*. Where, by a special ordinance, the right was granted to a telephone company to use streets and alleys for the erection of its poles and wires, and it was provided therein that the right of the grantee thereunder should be subject to future police regulation, *held* that the rental for poles occupied by the company, provided for by a subsequent ordinance, could not be collected, as such ordinance was not a police regulation, and to allow the collection of such rental would be to impair the obligation of the telephone company's contract.

7. APPEAL AND ERROR, § 1805*—*when case not remanded upon reversal*. Where the reason for the reversal of a case is fatal to the ultimate right of the plaintiff to recover and cannot be remedied upon retrial, the case will not be remanded.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRED A. DOLPH and BEN B. BOYNTON, for appellant; E. J. MARSHALL, of counsel.

FRANK L. HATCH and ALBERT STEVENS, for appellee; TIMOTHY MCGRATH, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

On December 9, 1901, appellee, the City of Springfield, passed a special ordinance granting to certain persons therein named, their successors and assigns, the right to construct, maintain and operate a telephone system in and upon the streets, alleys and public grounds of the said city. Among other things the right to place poles in the streets and alleys of the said city was thereby granted. By that ordinance the terms, conditions and consideration upon which it was to become effective were specifically provided. The consideration specified was that the grantees therein named should place and maintain a telephone in each of the offices of the city hall, in each of the fire engine houses in the city, in each of the schoolhouses in the city, at the police department, at the pumping station, waterworks, reservoir, and at all the other public offices in the city, and in case any additional "phones" were desired by the city, they were to be furnished by the grantees at half of the regular rates.

The grant proposed by that ordinance was promptly accepted by the grantees therein named, and with the consent of the city all rights so acquired by them were duly assigned to appellant, who proceeded to construct a telephone system in said city, and has since maintained and operated it there.

At the time of the passage of that ordinance on December 9, 1901, there was in the ordinance books of the City of Springfield an ordinance purporting to have been passed on August 5, 1901, which is in part as follows:

"Any person, firm or corporation owning, controlling or occupying any pole or post over eight feet high, which may occupy any portion of any street, alley or sidewalk within the City of Springfield, said pole or post being used to support electric or other wires, of whatsoever nature, or to support any sign or awning or display, for the purpose of advertising, shall pay annually into the City Treasury the sum of one dollar for each such pole or post owned, controlled or occupied by said person, firm or corporation, as a remuneration to the said City for the use of the portion or portions of the street, alley or sidewalk which said poles or post may occupy * * *.

"The license hereinbefore provided shall be due on the first day of September of each year."

That ordinance was re-enacted in the codification of appellee's ordinances in 1902. It was amended in 1908 and again in 1910 by the addition of some provisions regarding the painting and marking of the poles, but the part above quoted remained in force unchanged all the time and during the entire year of 1914.

The declaration in this case is in one count, and charges that appellant during the year 1914 occupied portions of the streets and alleys of appellee with 2,800 poles without paying into the city treasury the $1 per pole required by the ordinance above quoted.

Appellant filed the general issue and a special plea. A demurrer to the special plea was sustained and the case was tried by a jury on the issues joined and resulted in a verdict and judgment in favor of appellee for $2,800.

Appellant has not argued the error assigned on sustaining the demurrer to the special plea. It is therefore treated as waived.

Great stress has been placed in the arguments of both parties on the question whether appellant should have been permitted to prove that the ordinance in question was not originally in 1901 correctly passed by

230     APPELLATE COURTS OF ILLINOIS,

City of Springfield v. Inter-State Ind. T. & T. Co., 201 Ill. App. 227.

the City Council of Springfield. As we view the case it is wholly immaterial whether it was so passed or not. However that may be, it is not denied that it was duly made part of the codification of 1902, nor is it contended that it has since been repealed. It must therefore for the purpose of this case be considered in force during the year 1914.

It was stipulated on the trial that appellant, during the year 1914, occupied parts of the streets and alleys of the City of Springfield with 2,800 poles, such as are described in the pole ordinance sued on, and that appellant has not paid the $1 per pole required by that ordinance to be paid into the city treasury by September of each year. It is also stipulated that appellant has in all respects complied with the terms of the special franchise or contract ordinance of December 9, 1901.

When the special contract ordinance in question was passed by the city and accepted by the grantees and the term of it in all respects had been complied with by the assignees of the grantees, it became a valid and binding contract between the parties in this suit. *Village of Madison v. Alton, G. & St. L. Traction Co.,* 235 Ill. 346; *Chicago General Ry. Co. v. City of Chicago,* 176 Ill. 253-259; *People's Gas Light & Coke Co. v. Hale,* 94 Ill. App. 406; *City of St. Louis v. Western Union Tel. Co.,* 63 Fed. 68.

To permit a city, by a subsequent ordinance, to exact from one with whom it has contracted, an additional compensation, or to impose on him additional burdens, would be to impair the obligations of a contract, and cannot be tolerated. *City of Quincy v. Bull,* 106 Ill. 337; *City of St. Louis v. Western Union Tel. Co.,* 63 Fed. 68; *People's Gas Light & Coke Co. v. Hale,* 94 Ill. App. 406-420.

The Supreme Court had before it this identical ordinance in the case of *City of Springfield v. Postal Tel. Cable Co.,* 253 Ill. 346, and there held in substance and

effect that it was an ordinance passed by that city in its proprietary and not its governmental capacity, and that it fixed *a rental* which the telegraph company was compelled to pay for its use of the streets and alleys, in addition to the compensation fixed in the special contract ordinance involved in that case, but the opinion does not disclose whether there was a provision in the contract ordinance binding the telegraph company to comply with all the general ordinances of the city or not. It was there contended that the city council was without power to pass the pole ordinance. The question whether the general pole ordinance impairs the obligation of a contract existing between the parties was not raised or decided.

In the *City of Springfield v. Central Union Tel. Co.,* 184 Ill. App. 400, this court had before it this same ordinance and held that its provisions were enforceable against that Telephone Company, but in that case the special contract ordinance contained the express provision that "all rights therein granted shall be subject to all general ordinances of the city now in force." The special ordinance in the case at bar contains no such reservation. There is a reservation that "the rights of the grantees, their successors and assigns, under this ordinance, are to be held subject to all the *police regulations* that may be legally adopted by said City of Springfield and the City Council may make such regulations as are proper as to the character of poles and wires to be used, their location and the manner in which they shall be painted and cared for." A police regulation is established by a city in the exercise of its governmental and not its proprietary capacity. This pole ordinance not being a police regulation but being passed by the city in its proprietary capacity, and providing for a rental to be paid by those occupying space by poles (*City of Springfield v. Postal Tel. Cable Co., supra*), does not come within the reservation in the special contract ordinance in question.

When a special ordinance conflicts with a general ordinance the special ordinance controls. *Dahnke v. People*, 168 Ill. 102; *State ex rel. Lutfring v. Goetze*, 22 Wis. *363; *Long v. Culp*, 14 Kan. 412.

It follows that even if the general pole ordinance in question was in force when the special franchise ordinance was passed, so long as the special franchise ordinance was in no way limited by or made subject to its provisions, it cannot now be made the means of increasing the burdens of appellant above those included in the special franchise ordinance.

The judgment of the Circuit Court is therefore reversed, and as the reason for reversal is fatal to the ultimate right of appellee to recover, and cannot be remedied upon a retrial, the cause will not be remanded.

*Judgment reversed.*