THIRD DISTRICT—OCTOBER, 1917.    11

City of Springfield v. Springfield Consol. Ry. Co., 208 Ill. App. 11.

## City of Springfield, Appellee, v. Springfield Consolidated Railway Company, Appellant.

1. MUNICIPAL CORPORATIONS—*what is nature and effect of ordinance providing for a charge for poles placed in the street.* An ordinance providing for a charge for poles placed in the streets is not passed for the enforcement of local governmental supervision or in the exercise of any governmental power, but in the exercise of the proprietary power of the city, and establishes a charge in the nature of a rental for the use of parts of the streets.

2. STREET RAILROADS, § 6*—*when city has right to grant use of streets to street railway.* A city has the right to grant the use of its streets to a street railway company for its tracks, poles and wires.

3. STREET RAILROADS, § 15*—*when city has right to impose conditions for use of street by street railway.* In granting to a street railway company the right to use the streets for its tracks, poles and wires, a city can impose such conditions as it sees fit.

4. STREET RAILROADS, § 13*—*when ordinance granting use of streets becomes binding contract.* An ordinance granting a street railway company the right to use the streets for its tracks, poles and wires becomes a binding contract on the city when it is accepted and its conditions complied with.

5. STREET RAILROADS, § 2*—*what constitutes impairment of contract for use of street by street railway company.* An ordinance imposing a rental for placing poles in the streets has the effect of amending a special contract ordinance under which a street railway company has been granted the right to use the streets for its wires, poles and tracks, by increasing the consideration for the special contract ordinance and thereby impairs the contract.

6. STREET RAILROADS, § 15*—*what rights are reserved in city under ordinance granting use of streets subject to future reasonable ordinances.* The reservation in a special contract ordinance granting a street railway the right to use the streets for its wires, poles and tracks that the rights so granted shall be subject to "all reasonable ordinances that may be hereafter passed concerning streets and street railways" does not reserve to the city the right thereafter to increase the consideration to be paid for the right by imposing a pole rental, but merely reserves to the city the power to make additional regulations under its governmental

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or police powers as to the manner in which the use of the streets shall be exercised and such as would inure to public safety and convenience.

Appeal from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed. Opinion filed October 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

WILSON, WARREN & CHILD, for appellant.

FRANK L. HATCH and ALBERT STEVENS, for appellee; TIMOTHY MCGRATH, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from a judgment rendered against appellant in the Circuit Court of Sangamon county in favor of appellee in an action for the sum of $1,726.

The action was brought for the purpose of recovering compensation or remuneration for the use of portions of the streets occupied by appellant for street railway purposes, and was based upon an ordinance passed by the City of Springfield, August 5, 1901, which provides as follows:

"Any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high, which may occupy any portion of any street, alley or sidewalk within the City of Springfield, said pole or post being used to support electric or other wires of whatsoever nature, or to support any sign or awning or display for the purpose of advertising, shall pay annually into the city treasury the sum of one dollar for each such pole or post owned, controlled or occupied by said person, firm or corporation as a remuneration to the city for the use of the portion or portions of the street, alley or sidewalk which said pole or post may occupy.

"The license hereinbefore provided shall be due on the first day of September of each year."

While numerous errors have been assigned, they all involve the one ultimate issue as to whether appellant was subject to this ordinance because of the terms of the ordinance granting to it the right to construct and maintain its street railway on the streets of said city, including the right to erect and maintain poles in connection therewith. On January 20, 1890, the City of Springfield, by ordinance, granted the right to appellant to operate its lines of street railway in said city by electric power, and, in said ordinance, authorized it to erect suitable poles and supports in and along the streets for the carrying of wires to transmit the electric current. The ordinance uses this language:

"That in addition to the rights and privileges now owned and held by the Springfield City Railway Company, and subject to the provisions and regulations hereinafter made, and to existing ordinances of said city, *and all reasonable ordinances that may be hereafter passed concerning streets and street railways,* there is hereby granted to said company, its successors and assigns, the right and authority to operate its lines of railway by electric power, and said company shall, at all times, operate its lines so as not to obstruct the public use of said streets."

The proofs show that during the years 1906 and 1907 appellant maintained in the streets 863 poles over 8 feet high. The position taken by appellee is that appellant is subject to the provisions of the pole-rental ordinance for the reason that the ordinance, granting to it the right to operate its railway by electricity and to erect and maintain poles in the streets for that purpose, was subject to "all reasonable ordinances that may be hereafter passed concerning streets and street railways." The contention of appellant is that these words only apply to ordinances that might be subsequently passed by virtue of the governmental functions of the city under its police

powers and that the pole-rental ordinance, having been adjudicated to be an ordinance passed under the proprietary functions of the city, cannot be enforced against appellant. This pole-rental ordinance has been twice under the consideration of the Supreme Court and it has been held that it was not passed for the enforcement of local governmental supervision or in the exercise of any governmental power, but in the exercise of the proprietary power of the city and establishes a charge in the nature of a rental for the use of parts of the streets. *City of Springfield v. Interstate Independent Telephone & Telegraph Co.*, 279 Ill. 324; *City of Springfield v. Postal Tel. Cable Co.*, 253 Ill. 346. Appellee had the right to grant the use of its streets to appellant for its tracks, poles and wires, and, in granting that right, could impose such considerations and conditions as it saw fit. *Sears v. City of Chicago*, 247 Ill. 204; *Lobdell v. City of Chicago*, 227 Ill. 218; *Chicago General Ry. Co. v. City of Chicago*, 176 Ill. 253; *Byrne v. Chicago General Ry. Co.*, 169 Ill. 75. When the ordinance was accepted and the conditions therein named complied with, it became a binding contract upon the city from which it cannot recede. *City of Springfield v. Interstate Independent Telephone & Telegraph Co., supra,* and cases cited. Among the conditions imposed upon appellant by its contract ordinance were its duty to pave the streets between the rails of its tracks and for a space of twelve inches outside of the rails; to keep such pavement in repair; not to charge an excess of five cents as a fare for a continuous trip in one direction; and to issue transfer tickets at transfer points. The ordinance also contains specific directions as to what kind of poles shall be erected and the manner in which they and the wires shall be erected and maintained. The consideration for such a grant is not generally found in a general ordinance. In the case of *Chicago*

*General Ry. Co. v. City of Chicago, supra,* it is said: "We think, with counsel for the city, that the statute having given the municipality power to grant or withhold its consent as 'it shall deem for the best interest of the public,'—the power being discretionary,—it is manifestly not to be exercised by a general ordinance applicable alike to all cases, but each case must be acted upon with reference to its peculiar conditions and circumstances." It is apparent that the pole-rental ordinance, being for the sole purpose of charging additional compensation for the use of the streets by the erection of poles thereon, if applied to appellant, would have the effect of amending the special contract ordinance with the city by increasing the consideration therefor, which would be a direct violation of the restrictions of law on the impairment of contracts. *City of Quincy v. Bull,* 106 Ill. 337; *People v. Chicago Tel. Co.,* 220 Ill. 238; *City of Chicago v. Chicago Tel. Co.,* 230 Ill. 157; *People v. Chicago Tel. Co.,* 245 Ill. 121. We are of the opinion that the provision in the special contract ordinance that the rights therein granted shall be subject to "all reasonable ordinances that may be hereafter passed concerning streets and street railways" does not reserve in the city the power at any time to increase the compensation or consideration to be paid for the grant of the use of the streets but only reserves the power to make additional regulations under its governmental or police powers as to the manner in which the use of the streets shall be exercised and such as would inure to the public safety and convenience. The city would undoubtedly have the right to pass an ordinance regulating the speed with which cars might run within the city, the frequency with which they should run, the stopping of cars at street crossings, the use of fenders, etc. Such regulations would not be invasions of the contract rights of appellant but would be just and

16    APPELLATE COURTS OF ILLINOIS.

City of Springfield v. Springfield Consol. Ry. Co., 208 Ill. App. 11.

reasonable. When this pole-rental ordinance was before us in this court in the case of *City of Springfield v. Central Union Telephone Co.*, 184 Ill. App. 400, we held that the Telephone Company in that case was subject to the provisions thereof for the reason that it was in force as one of the general ordinances of the city when the special contract ordinance between the city and the Telephone Company was enacted, and the latter contained the provision that the rights therein granted "shall be subject to all general ordinances of the city now in force." This provision made the pole-rental ordinance a part of the contract ordinance itself. In the case at bar the pole-rental ordinance was not passed until many years after the passage of the contract ordinance of appellant. We believe that the views herein expressed are supported by the greater weight of authority. *City of Minneapolis v. Minneapolis St. Ry. Co.*, 215 U. S. 417; *Detroit v. Detroit Citizens' St. Ry. Co.*, 184 U. S. 368; *City of New Orleans v. Great Southern Telephone & Telegraph Co.*, 40 La. Ann. 41; *Town of New Decatur v. American Telephone & Telegraph Co.*, 176 Ala. 492; *Faust v. Passenger Ry. Co.*, 3 Phila. (Pa.) 164.

The judgment of the Circuit Court is reversed.

*Reversed.*